UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID COSTAS,
    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
TRANS UNION, LLC and
CITIBANK, N.A.,
    Defendants.

_____

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, DAVID COSTAS, by and through his counsel, and for his Complaint pleads as follows:

### JURISDICTION

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p.

### VENUE

3. The transactions and occurrences which gave rise to this action occurred in Stevensville, Michigan.

4. Venue is proper in the Western District of Michigan.

### PARTIES

5. Plaintiff is a natural person residing in Stevensville, Michigan.

6. The Defendants to this lawsuit are:

a. Equifax Information Services, LLC ("Equifax") is a foreign limited liability company that conducts business in the State of Michigan;

b. Trans Union, LLC ("Trans Union") is a foreign limited liability company that conducts business in the State of Michigan; and

c. Citibank, N.A. ("Citibank") is a national association that conducts business in the State of Michigan.

## GENERAL ALLEGATIONS

7. Citibank's tradeline ("Bogus Tradeline") is fraudulently reporting in Plaintiff's Equifax and Trans Union (collectively, "the CRAs") credit files.

8. The account reflected by the Bogus Tradeline does not belong to Plaintiff as he is a victim of identity theft.

9. On or about January 9, 2025, Plaintiff filed a police report with the Lincoln Township Police Department stating that he was a victim of identity theft and that, *inter alia*, a fraudulent account was opened in his name with Best Buy.

10. Between January 6, 2025 and January 9, 2025, Plaintiff obtained his credit disclosures from the CRAs and noticed the Bogus Tradeline reporting in each disclosure.

11. On or about January 30, 2025, Plaintiff sent separate letters to the CRAs disputing the Bogus Tradeline.

2

12. In the dispute letters, Plaintiff explained that the account reflected by the Bogus Tradeline is fraudulent and does not belong to him as he is a victim of identity theft. He attached a copy of the Police Report to verify the same and requested that the Bogus Tradeline be deleted.

13. The CRAs received the dispute letters and forwarded Plaintiff's disputes to Citibank.

14. Citibank received Plaintiff's dispute from the CRAs.

15. On or about August 13, 2025, after not having received dispute results from the CRAs, Plaintiff obtained his credit disclosures from the CRAs, which showed that Equifax, Trans Union and Citibank failed or refused to delete the Bogus Tradeline from Plaintiff's Trans Union credit file.

16. The Bogus Tradeline is false and misleading. It is also driving Plaintiff's credit score down and making it harder for him to obtain jobs, housing, and meet living expenses.

17. As a direct and proximate cause of Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has experienced undue stress, anxiety, frustration and other forms of emotional distress due to Defendants' failures to correct the errors in his credit file and his inability to improve his financial situation by obtaining new or more favorable credit terms as a result of Defendants' violations of the FCRA. The Bogus

Tradeline has diminished Plaintiff's creditworthiness and credit scores. Plaintiff has also suffered physical harms, including loss of sleep and stress headaches as a result of Defendants' failure to remove the Bogus Tradeline.

### COUNT I - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CITIBANK

18. Plaintiff realleges the above paragraphs as if recited verbatim.

19. After being informed of Plaintiff's disputes of the Bogus Tradeline, Citibank negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

20. Citibank negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b) and failed to direct the CRAs to delete the Bogus Tradeline.

21. The Bogus Tradeline is inaccurate and creates a misleading impression in Plaintiff's credit files to which it is reporting such tradeline.

22. As a direct and proximate cause of Citibank's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

23. Citibank is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

4

24. Plaintiff has a private right of action to assert claims against Citibank arising under 15 U.S.C. § 1681s-2(b).

WHEREFORE, PLAINTIFF PRAYS that this Court grants him a judgment against Citibank for damages, costs, interest, and attorneys' fees.

### COUNT II - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CITIBANK

25. Plaintiff re-alleges the above paragraphs as if recited verbatim.

26. After being informed by the CRAs that Plaintiff disputed the accuracy of the information it was providing, Citibank willfully failed to conduct a proper reinvestigation of Plaintiff's dispute and willfully failed to direct the CRAs to delete the Bogus Tradeline.

27. Citibank willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 U.S.C. § 1681s-2(b).

28. As a direct and proximate cause of Citibank's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress.  Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

29. Citibank is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the

amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs he may recover therefore pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this Court grants him a judgment against Citibank for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

### COUNT III - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

30. Plaintiff re-alleges the above paragraphs as if recited verbatim.

31. Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

32. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

33. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

34. After receiving Plaintiff's consumer dispute of the Bogus Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

35. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

36. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this Court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

37. Plaintiff realleges the above paragraphs as if recited verbatim.

38. Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

39. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

40. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

41. After receiving Plaintiff's consumer dispute of the Bogus Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

42. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

43. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this Court grants him a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT V - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

44. Plaintiff re-alleges the above paragraphs as if recited verbatim.

45. Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

46. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

47. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

48. After receiving Plaintiff's consumer dispute of the Bogus Tradeline, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

49. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

50. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this Court grants him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

**COUNT VI - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

51. Plaintiff realleges the above paragraphs as if recited verbatim.

52. Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

9

53. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

54. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

55. After receiving Plaintiff's consumer dispute to the Bogus Tradeline, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

56. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

57. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grants him a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Dated: August 29, 2025

/s/ Carl Schwartz
CARL SCHWARTZ P70335
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
801 W. Ann Arbor Trail, Suite 230
Plymouth, MI 48170
Phone: (248) 353-2882
Fax: (248) 353-4840
Email: carl@crlam.com

11