UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID COSTAS,
     Plaintiff,

                                      Case No. 25-cv-1031

v.                                 Hon. Hala Y. Jarbou
                                       Mag. Ray S. Kent

EQUIFAX INFORMATION SERVICES, LLC, et al.,
     Defendants.
_____

### PLAINTIFF'S MOTION TO WITHDRAW DEEMED ADMISSIONS TO CITIBANK, N.A.

NOW COMES the Plaintiff, DAVID COSTAS, by and through his counsel, and moves this Court to withdraw Plaintiff's deemed admissions to Citibank, N.A. ("Citibank") pursuant to Fed. R. Civ. P. 36(b) and, in support thereof, states as follows:

### STATEMENT OF FACTS

This lawsuit concerns the reporting of a tradeline in Plaintiff's credit files that Plaintiff alleges does not belong to him because he is a victim of identity theft.  (Doc #1, ¶¶ 7-9.)  Plaintiff claims that Citibank and the other defendants violated provisions of the Fair Credit Reporting Act ("FCRA") by failing to reasonably investigate Plaintiff's dispute of the tradeline.  (Doc #1, ¶¶ 19, 26, 48, 55.)

On March 23, 2026, Citibank, N.A. served its discovery requests, including requests for admission, to Plaintiff via email.  (Exhibit 1.)  Plaintiff timely prepared

responses to Citibank's discovery requests, but inadvertently failed to serve the responses.  (Exhibit 2.)  Eventually, Citibank confronted Plaintiff about not having received responses to its discovery requests, which is when Plaintiff realized that the discovery responses had not been served.  (Exhibit 2.)  On May 27, 2026, Plaintiff served his discovery responses to Citibank, including responses to Citibank's requests for admission.  (Exhibit 3.)  Discovery remains open until June 22, 2026. (Doc #29, PageID 106.)

Plaintiff now seeks to have his deemed admissions to Citibank withdrawn and to have his served responses to Citibank's requests for admission operate as the responses.

## LAW & ARGUMENT

"In considering motions made under Rule 36(b), '[c]ourts recognize that Requests for Admission are intended to narrow the scope of disputed facts at trial, rather than to establish dispositive issues.'" *Wilcox v. Katchert*, No. 20-cv-234, 2024 U.S. Dist. LEXIS 196741, at *5 (W.D. Mich. Sep. 13, 2024) (citation omitted).  "In other words, Requests for Admission 'are not intended to establish facts which are obviously in dispute or to answer questions of law.'"  *Id.*  "Rule 36, which permits a request to admit, is not a tool for general discovery." *McMurray v. Breedlove*, No. 20-cv-847, 2023 U.S. Dist. LEXIS 237678, at *1 (W.D. Mich. Sep. 22, 2023).  "The rule functions to reduce litigation costs by eliminating the need to prove matter not

in dispute or controversy." *Id.* at *1-2. "District courts exercise 'considerable discretion' when deciding whether to allow the withdrawal of an admission." *Id.* at *2.

"The rule provides that a court may permit the withdrawal of an admission 'if it would promote the presentation of the merits of the action' and if the withdrawal would not 'prejudice the requesting party in maintaining or defending the action on the merits.'" *Id.*, quoting Fed. R. Civ. P. 36(b). "The Sixth Circuit describes the inquiry for the first prong as whether 'upholding the admission would practically eliminate any presentation on the merits of the case.'" *Id.* "Prejudice under the second prong 'relates to special difficulties a party may face caused by the sudden need to obtain evidence upon withdrawal or amendment of an admission.'" *Id.* at *3. "Put another way, prejudice requires a court to consider whether the parties requesting admissions would be in a worse position if the request to withdraw was granted than they would have been if they had received a timely response." *Id.*

Both prongs of the test warrant the withdrawal of Plaintiff's deemed admissions. For the first prong, the deemed admissions would destroy Plaintiff's case. Ultimately, the action would not be resolved upon its merits, but rather upon the deemed admissions that were not intended by Plaintiff to be admitted. Citi requested Plaintiff to admit, among other things: (1) that he opened and authorized the account; (2) that he authorized the transactions on the account; and (3) that he

3

did not suffer any damages as a result of Citibank's reporting of the account. (Exhibit 1, Request Nos. 1-3, 5-10.)  Given that Plaintiff's claims are based on his allegations that the account does not belong to him and that he is a victim of identity theft, these admissions would completely destroy his case.  Furthermore, Plaintiff denies most of Citibank's requests for admission.  (Exhibit 3, Request Nos. 1, 3, 5-6, 9-10.)  Thus, the first prong of the test weighs in favor of allowing the deemed admissions to be withdrawn.

For the second prong, withdrawal would not prejudice any party.  Defendants received Plaintiff's responses to Citibank's requests for admission on May 27, 2026 (Exhibit 3), discovery remains open until June 22, 2026 and Plaintiff has yet to be deposed by any defendant.  Thus, Defendants have ample opportunity to obtain any further information from Plaintiff they need regarding the matters stated in Citibank's requests for admission.  Withdrawing the deemed admissions will not cause prejudice to any defendant.

*McMurray* also provides insight as to the use and nature of requests for admission, noting that they are meant to relieve the parties of the cost of proving facts that will not be disputed at trial.  *McMurray, supra*.  *Wilcox* notes that requests for admission "are not intended to establish facts which are obviously in dispute or to answer questions of law."  *Wilcox, supra*.

4

This is the situation with Citibank's requests for admission. Plaintiff asserts that these requests for admission are designed to resolve the entire case rather than save time as to uncontested matters.  Accordingly, the second prong of the Rule 36(b) test weighs in favor of allowing the deemed admissions to be withdrawn.

## CONCLUSION

For the foregoing reasons, Plaintiff requests this Court to withdraw Plaintiff's deemed admissions and permit Exhibit 3 to serve as Plaintiff's responses to Citibank's requests for admission.

Respectfully submitted,

Dated: June 4, 2026

/s/ Carl Schwartz
CARL SCHWARTZ (P70335)
CONSUMER DISPUTE LAWYERS
Attorneys for Plaintiff
27600 Farmington Road, Suite 108
Farmington Hills, MI 48334
Phone: (855) 472-0080
Fax: (248) 850-3990
Email: carl@dontpayfraud.com

## Proof of Service

I, Carl Schwartz, hereby state that on June 4, 2026, I served a copy of the foregoing document upon all counsel of record via the Court's CM/ECF system.

/s/ Carl Schwartz

5