UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID COSTAS,
     Plaintiff,

v.

                                    Case No. 25-cv-1031
                                    Hon. Hala Y. Jarbou
                                    Mag. Ray S. Kent

EQUIFAX INFORMATION SERVICES, LLC, et al.,
     Defendants.
_____

## PLAINTIFF'S MOTION TO WITHDRAW DEEMED ADMISSIONS TO TRANS UNION, LLC

NOW COMES the Plaintiff, DAVID COSTAS, by and through his counsel, and moves this Court to withdraw Plaintiff's deemed admissions to Trans Union, LLC ("Trans Union") pursuant to Fed. R. Civ. P. 36(b) and, in support thereof, states as follows:

### STATEMENT OF FACTS

This lawsuit concerns the reporting of a tradeline in Plaintiff's credit files that Plaintiff alleges does not belong to him because he is a victim of identity theft.  (Doc #1, ¶¶ 7-9.)  Plaintiff claims that Trans Union violated provisions of the Fair Credit Reporting Act ("FCRA") by failing to reasonably investigate Plaintiff's dispute of the tradeline and by failing to maintain and/or follow reasonable procedures designed to assure maximum possible accuracy of the information it reported about Plaintiff.  (Doc #1, ¶¶ 47, 48, 54, 55.)

On January 5, 2026, Trans Union served discovery requests, including requests for admission, to Plaintiff via email.  (Exhibit 1.)  However, the undersigned counsel left his former firm on January 2, 2026 and started at his current firm on January 5, 2026.  (Exhibit 2, ¶ 2.)  When the undersigned counsel left his former firm on January 2, 2026, he no longer had access to his email account with his former firm.  (Exhibit 2, ¶ 3.)  Since Trans Union's discovery requests were emailed to the undersigned counsel's email address at his former firm, the undersigned counsel did not receive Trans Union's discovery requests on January 5, 2026 and was unaware of their existence at that time.  (Exhibit 2, ¶¶ 4, 5.)

On or about April 20, 2026, Trans Union's counsel contacted another member of the undersigned counsel's firm, at which time Plaintiff learned that Trans Union had served discovery requests that were unanswered.  (Exhibit 2, ¶ 6.)  Later that day, Plaintiff served his responses to Trans Union's requests for admission.  (Exhibit 3.)

Discovery remains open until June 22, 2026.  (Doc #29, PageID 106.)  Plaintiff served his responses to Trans Union's requests for admission more than two months prior to the close of discovery.  (Exhibit 3; Doc #29, PageID 106.)  Plaintiff now seeks to have his deemed admissions to Trans Union withdrawn and to have his served responses to Trans Union's requests for admission operate as the responses.

## LAW & ARGUMENT

2

"In considering motions made under Rule 36(b), '[c]ourts recognize that Requests for Admission are intended to narrow the scope of disputed facts at trial, rather than to establish dispositive issues.'" *Wilcox v. Katchert*, No. 20-cv-234, 2024 U.S. Dist. LEXIS 196741, at *5 (W.D. Mich. Sep. 13, 2024) (citation omitted). "In other words, Requests for Admission 'are not intended to establish facts which are obviously in dispute or to answer questions of law.'" *Id.* "Rule 36, which permits a request to admit, is not a tool for general discovery." *McMurray v. Breedlove*, No. 20-cv-847, 2023 U.S. Dist. LEXIS 237678, at *1 (W.D. Mich. Sep. 22, 2023). "The rule functions to reduce litigation costs by eliminating the need to prove matter not in dispute or controversy." *Id.* at *1-2. "District courts exercise 'considerable discretion' when deciding whether to allow the withdrawal of an admission." *Id.* at *2.

"The rule provides that a court may permit the withdrawal of an admission 'if it would promote the presentation of the merits of the action' and if the withdrawal would not 'prejudice the requesting party in maintaining or defending the action on the merits.'" *Id.*, quoting Fed. R. Civ. P. 36(b). "The Sixth Circuit describes the inquiry for the first prong as whether 'upholding the admission would practically eliminate any presentation on the merits of the case.'" *Id.* "Prejudice under the second prong 'relates to special difficulties a party may face caused by the sudden need to obtain evidence upon withdrawal or amendment of an admission.'" *Id.* at

3

*3.  "Put another way, prejudice requires a court to consider whether the parties requesting admissions would be in a worse position if the request to withdraw was granted than they would have been if they had received a timely response." *Id.*

Both prongs of the test warrant the withdrawal of Plaintiff's deemed admissions.  For the first prong, the deemed admissions would destroy Plaintiff's case.  Ultimately, the action would not be resolved upon its merits, but rather upon the deemed admissions that were not intended by Plaintiff to be admitted.  Trans Union served twenty-five (25) requests for admission to Plaintiff, including: (1) that he has no evidence that Trans Union ever misrepresented anything to him; (2) that he never had any written or oral communication with anyone at Trans Union; (3) that no one at Trans Union made a false statement to him; (4) that Trans Union followed reasonable procedures to assure maximum possible accuracy of the information Trans Union reported with respect to him; (5) that he was not damaged by Trans Union; and (6) that Trans Union's reinvestigation of his dispute was reasonable. (Exhibit 1, Request Nos. 3, 7-9, 13, 14, 17-18, 22.)  Given that Plaintiff's claims are based on his allegations that the account does not belong to him, that Trans Union failed to follow reasonable procedures to assure maximum possible accuracy of the information Trans Union reported about him, and that Trans Union failed to reasonably investigate his dispute, these admissions would completely destroy his case.  Furthermore, Plaintiff denies most of Trans Union's requests for

admission.  (Exhibit 3, Request Nos. 3, 6-9, 13-20, 22-25.)  Thus, the first prong of the test weighs in favor of allowing the deemed admissions to be withdrawn.

For the second prong, withdrawal would not prejudice any party.  Defendants received Plaintiff's responses to Trans Union's requests for admission on April 20, 2026 (Exhibit 3), discovery remains open until June 22, 2026 and Plaintiff has yet to be deposed by any defendant.  Trans Union received Plaintiff's responses more than two months before the close of discovery.  Thus, Defendants have ample opportunity to obtain any further information from Plaintiff they need regarding the matters stated in Trans Union's requests for admission.  Withdrawing the deemed admissions will not cause prejudice to any defendant.

*McMurray* also provides insight as to the use and nature of requests for admission, noting that they are meant to relieve the parties of the cost of proving facts that will not be disputed at trial.  *McMurray, supra*.  *Wilcox* notes that requests for admission "are not intended to establish facts which are obviously in dispute or to answer questions of law."  *Wilcox, supra*.

This is the situation with Trans Union's requests for admission. Plaintiff asserts that these requests for admission are designed to resolve the entire case rather than save time as to uncontested matters.  Accordingly, the second prong of the Rule 36(b) test weighs in favor of allowing the deemed admissions to be withdrawn.

## CONCLUSION

For the foregoing reasons, Plaintiff requests this Court to withdraw Plaintiff's

deemed admissions and permit Exhibit 3 to serve as Plaintiff's responses to Trans

Union's requests for admission.


Respectfully submitted,

Dated: June 10, 2026                     /s/ Carl Schwartz
                                         CARL SCHWARTZ (P70335)
                                         CONSUMER DISPUTE LAWYERS
                                         Attorneys for Plaintiff
                                         27600 Farmington Road, Suite 108
                                         Farmington Hills, MI 48334
                                         Phone: (855) 472-0080
                                         Fax: (248) 850-3990
                                         Email: carl@dontpayfraud.com


## Proof of Service

I, Carl Schwartz, hereby state that on June 10, 2026, I served a copy of the foregoing document upon all counsel of record via the Court's CM/ECF system.

/s/ Carl Schwartz

6